1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                            EASTERN DISTRICT OF CALIFORNIA

10

11    VIVIAN KUUMBA,                          Case No. 1:24-cv-00842-KES-CDB

12                    Plaintiff,
                                              ORDER GRANTING IN PART
13           v.                               STIPULATED REQUEST TO AMEND
                                              *NUNC PRO TUNC* SCHEDULING ORDER
14    UNITED STATES OF AMERICA, *et al.*,     AS MODIFIED

15                    Defendants.             (Docs. 15, 20)

16

17           **Background**

18           Plaintiff Vivian Kuumba ("Plaintiff") initiated this action with the filing of a complaint on

19    July 19, 2024.  (Doc. 1).  Plaintiff seeks damages against Defendant United States of America

20    ("USA"), United States Postal Service ("USPS"), and Jose Jeffrey Andrade (collectively,

21    "Defendants") for claims of negligence under the Federal Tort Claims Act arising out of a motor

22    vehicle accident in Bakersfield, California on July 19, 2022.  *Id.*  On December 16, 2024, the Court

23    entered the operative scheduling order setting forth discovery and case management dates and

24    deadlines.  (Doc. 15).

25           **Parties' Stipulated Request to Amend Scheduling Order**

26           Pending before the Court is the parties' stipulated request to amend the scheduling order,

27    filed on April 18, 2025.  (Doc. 20).  The parties represent that on May 23, 2025, the deposition of

28    Plaintiff was noticed for June 5, 2025.  *Id.* ¶ 1.  However, on June 4, 2025, counsel for Plaintiff

notified counsel for Defendants that the deposition would need to be rescheduled due to an unforeseen medical emergency. *Id.* ¶ 2. Counsel for the parties met and conferred but were unable to find a mutually available date before the non-expert discovery cutoff of June 16, 2025. *Id.* ¶ 3. The parties represent that June 30, 2025, or July 1, 2025, are jointly available dates for the deposition of Plaintiff. *Id.* ¶ 4. Counsel for Plaintiff declares that good cause exists to amend the scheduling order because both parties require additional time to complete discovery, and despite diligent efforts, certain discovery requests and responses remain outstanding, and additional time is needed to conduct depositions and obtain relevant documents. (Doc. 20-1, Declaration of Alina S. Vulic ("Vulic Decl.") ¶ 2). Counsel for Plaintiff further declares that the parties have expressed a mutual interest in engaging in mediation, and additional time will allow the parties "to explore the possibility of resolving this matter without further litigation." *Id.* ¶ 4. The parties therefore request the following modifications to the scheduling order (Doc. 20 at 2):

| Event | Prior Date | Amended Date |
|-------|-----------|--------------|
| Non-Expert Discovery Deadline | 06/16/2025 | 12/16/2025 |
| Expert Disclosure Deadline | 06/30/2025 | 12/30/2025 |
| Rebuttal Disclosure Deadline | 07/28/2025 | 01/28/2026 |
| Expert Discovery Deadline | 8/28/2025 | 02/27/2026 |
| Non-Dispositive Motion Filing | 09/12/2025 | 03/12/2026 |
| Non-Dispositive Motion Hearing | 10/17/2025 | 04/17/2026 |
| Dispositive Motion Hearing | 12/15/2025 | 06/15/2026 |
| Pre-Trial Conference | 04/20/2026 | 10/20/2026 |
| Trial Date | 06/23/2026 | 12/29/2026 |

### Standard of Law

District courts enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). Once entered, a scheduling order "controls the course of the action unless the court modifies it." Fed. R Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 610 (9th Cir. 1992).

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Id.* (quotation and citation omitted).  Under Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  As the Court of Appeals has observed:

> In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders...

*Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609.  If the moving party is unable to reasonably meet a deadline despite acting diligently, the scheduling order may be modified.  *Id.*  If, however, the moving party "'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609).

Moreover, in the Eastern District of California, "[r]equests for Court-approved extensions brought on the required filing date for the pleading or other document are looked upon with disfavor." E.D. Cal. Local Rule 144(d).  Instead, this Court's local rules require counsel to "seek to obtain a necessary extension from the Court or from other counsel or parties in an action as soon *as the need for an extension becomes apparent*." *Id.* (emphasis added).

## **Discussion**

Good cause does not exist to grant the requested six-month extension of all case management dates.  To begin with, the parties filed their stipulated request to continue all discovery, case management, pretrial and trial dates and deadlines two days *after* the deadline for fact discovery already had expired.  Despite the parties' representations that good cause exists to grant their request to extend all case management dates, in fact, the parties have shown limited good cause exists only to continue *nunc pro tunc* discovery dates and deadlines to facilitate the deposition of Plaintiff.

1    Though the parties represent generally that additional time is needed to facilitate discovery,

2    and have expressed an interest in exploring mediation, no showing is made why a six-month

3    extension of all deadlines is appropriate here, particularly in light of the parties' untimely request

4    only after fact discovery has closed.  As counsel for Plaintiff notified counsel for Defendants on

5    June 4, 2025, that Plaintiff's deposition needed to be rescheduled, and has declared that additional

6    time is needed to facilitate discovery, it unquestionably was "apparent" to counsel long before the

7    parties filed their instant request to amend the scheduling order that an extension was "necessary."

8    *See* E.D. Cal. Local Rule 144(d).

9    The Court acknowledges the parties' interest in conserving resources while they explore

10   whether to engage in mediation.  But this shared equity does not relieve a party of its duty to

11   diligently pursue and complete the undertaking of discovery before the operative case management

12   deadlines expire.  Under the circumstances, the Court finds good cause exists to permit the parties

13   time to complete the deposition of Plaintiff.  However, the undersigned reiterates the Court's

14   earlier admonition that the case management dates "are considered to be firm and will not be

15   modified absent a showing of good cause." (Doc. 15 at 8).  Given the lack of good cause proffered

16   by the parties in support of the instant stipulated request, no extensions aside from the brief

17   extension of fact discovery granted herein are warranted.

18   **Conclusion and Order**

19   For the reasons set forth above, and good cause appearing, it is HEREBY ORDERED that

20   the scheduling order (Doc. 15) is amended as follows: Non-Expert Discovery Deadline (for the

21   limited purpose of facilitating the deposition of Plaintiff) continued to July 3, 2025.

22   All other case management dates and provisions of the scheduling order (Doc. 15) remain

23   unchanged and in full force and effect.

24   IT IS SO ORDERED.

25   Dated:   **June 20, 2025**

26                                                    UNITED STATES MAGISTRATE JUDGE

27

28

4