UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIVIAN KUUMBA,<br><br>            Plaintiff,<br><br>     v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>            Defendants. | Case No. 1:24-cv-00842-KES-CDB<br><br>ORDER DENYING STIPULATED REQUEST TO AMEND SCHEDULING ORDER<br><br>(Doc. 22) |

**Relevant Background**

Plaintiff Vivian Kuumba ("Plaintiff") initiated this action with the filing of a complaint on July 19, 2024. (Doc. 1). Plaintiff seeks damages against Defendant United States of America ("USA"), United States Postal Service ("USPS"), and Jose Jeffrey Andrade (collectively, "Defendants") for claims of negligence under the Federal Tort Claims Act arising out of a motor vehicle accident in Bakersfield, California on July 19, 2022. *Id.* On December 16, 2024, the Court entered the operative scheduling order setting forth discovery and case management dates and deadlines. (Doc. 15).

On June 20, 2025, the Court granted in part the parties' stipulated request *nunc pro tunc* to amend the scheduling order as modified, continuing only the non-expert discovery deadline to July 3, 2025, for the limited purpose of facilitating the deposition of Plaintiff. (Doc. 21 at 4). The Court denied the parties' request for larger extensions of time, noting that they waited until after

1  non-expert discovery already had closed before seeking relief, notwithstanding it was evident
2  based on the parties' stipulated representations that they were aware of the need to seek a discovery
3  extension earlier.  The Court's order made abundantly clear that the case management dates are
4  considered firm, to be adjusted only upon a showing of due diligence and good cause, which the
5  parties previously failed to demonstrate.  *Id*.

**Parties' Second Stipulated Request to Amend Scheduling Order**

Pending before the Court is the parties' second stipulated request to amend the scheduling order, filed on August 29, 2025 (the deadline to complete expert discovery). (Doc. 22).  The parties represent that on June 30, 2025, Plaintiff served on the government its expert witness disclosures which identified two retained experts and 47 non-retained expert witnesses.  *Id.* ¶ 2.  The parties represent that by a letter dated nearly a month later (on July 25, 2025), the government objected to Plaintiff's expert witness disclosures "on the grounds that the disclosures did not comply with the requirements of Rule 26(a)(2) … and the Scheduling Order " which deprived the government "of the opportunity to determine which, if any, of the disclosed experts should be deposed and to determine whether responding experts would be required." *Id.* ¶ 3.  The government asserted "that because Plaintiff's disclosure thwarted [its] ability to defend this action, [it] would ask the Court to exclude each expert witness not properly disclosed."  *Id.*  Plaintiff responded that "she is working … to remedy any issue with the disclosures but requires more time to do so due to expert unavailability."  *Id.* (citing Doc. 22-1 ¶¶ 4-6).  The parties represent that on August 19, 2025, Plaintiff submitted a settlement demand to the government which prompted the government to determine that an independent medical examination "may be required in order to assess the necessity and relatedness of the medical services for which Plaintiff seeks compensation."  *Id.* ¶ 4.  The parties represent they have met and conferred and have jointly determined that additional time is needed to complete expert witness discovery "to avoid motion practice on discovery issues" and because new lead counsel for the government will be assigned in the coming weeks, requiring sufficient time to "get up to speed on the matter."  *Id.* ¶¶ 5, 6.

As the Court previously admonished (*see* Doc. 21), "[a] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (quotation and citation omitted).  Under Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609.  If the moving party is unable to reasonably meet a deadline despite acting diligently, the scheduling order may be modified.  *Id*.  If, however, the moving party "'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609).  Further, in the Eastern District of California, "[r]equests for Court-approved extensions brought on the required filing date for the pleading or other document are looked upon with disfavor." Local Rule 144(d).  This Court's local rules require counsel to "seek to obtain a necessary extension from the Court or from other counsel or parties in an action as soon *as the need for an extension becomes apparent*." *Id.* (emphasis added).

The Court has no information before it addressing why, upon receipt of Plaintiff's expert disclosures, the government waited approximately one month before notifying Plaintiff of the disclosures' perceived deficiencies.  Nor is it clear from the parties' stipulated representations what meet/confer efforts were undertaken to resolve the dispute, the results of any such efforts, and why the government did not apply to the Court for informal discovery dispute resolution.  *See* (Doc. 15 at 4) (directing the parties to "promptly seek" an informal discovery dispute conference if they are unable to resolve discovery disputes).  Nor does the government offer any explanation as to why it did not seek relief of Court to order an independent medical examination ("IME") *during* the time for taking expert discovery.  To the extent the government suggests it was unclear that an IME was necessary until after Plaintiff served its settlement demand on August 19, 2025, the argument is unpersuasive given that Plaintiff was required to disclose and update under Rule 26 a damages computation that reasonably would have put the government on notice of a need to conduct an IME, particularly given that discovery was continued to facilitate Plaintiff's deposition (Doc. 21) which, the Court presumes, afforded the government ample opportunity to explore her medical conditions to inform any decision about conducting an IME.

1  In short, the Court cannot conclude that the parties have been diligent or that there is good
2  cause to warrant granting the parties' stipulated request to continue case management dates.
3  Discovery is closed.  The deadline to file non-dispositive motions remains September 12, 2025.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that the parties' second stipulated request to amend the scheduling order (Doc. 22) is DENIED.  All existing case management dates and provisions of the scheduling order (Docs. 15, 21) remain unchanged and in full force and effect.

IT IS SO ORDERED.

Dated: __September 2, 2025__        _____
                                     UNITED STATES MAGISTRATE JUDGE